THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANNY LONG, Defendant-Appellant.

(No. 73-186;

Second District—June 20, 1974.

William L. Balsley, of Loves Park, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (James Jerz and Edward Morris, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

Defendant was indicted for the offense of burglary of a residence on November 15, 1972, in Rockton, Illinois. He subsequently withdrew his plea of not guilty, entered into a negotiated plea, and was sentenced 2-6 years in the Illinois State Penitentiary.

The record discloses that while defendant was on parole he apparently committed several burglaries, and after being advised of his rights, he signed a confession wherein he admitted the burglary of the residence in question.

On this appeal the defendant has raised two issues: (1) the court failed to properly admonish him under Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110 A, sec. 402); and (2) the defendant was sentenced without the benefit of a written pre-sentence investigation report.

The first contention of the defendant with relation to Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110 A, sec. 402), is that the court failed to properly inform him of the possible consequences of his plea; that the court failed to determine that he understood the nature of the charge; that the court did not adequately explain his rights to trial by jury and to persist in his not guilty plea; and that the court did not advise him that he could apply for probation.

■■■ We find that the court properly advised the defendant of the minimum and maximum sentence that might be imposed for burglary. However, the court erroneously held that there was a mandatory 3-year parole provision applicable under the Unified Code of Corrections. The Unified Code specifically provides that "[p]rosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act." (Ill. Rev. Stat. 1973, ch. 38, sec. 1008—2—4.) Defendant contends that inasmuch as the instant offense was committed prior to the effective date of the Code the mandatory parole provisions applicable on the completion of the sentence for burglary do not control. We agree. Defendant goes on to contend that the court in advising him of the possible minimum and maximum sentence was in error requiring reversal because of the inclusion of the possible or mandatory parole provision. With this we do not agree. The defendant, in substance, was advised of a greater possible penalty if the term of parole is to be considered a penalty. Nonetheless, the defendant after being advised of this, persisted in his plea of guilty. He was not misled in his persistence of his plea of guilty after being admonished of the possible consequences. This contention is without merit.

Defendant further contends with relation to Supreme Court Rule 402 that the court did not explain to the defendant that he might possibly receive probation. From a practical standpoint the possibility of his receiving probation after conviction of a burglary while on parole is extremely remote. Additionally, this contention was answered in *People v. Barrett* (1969), 118 Ill.App.2d 225, 230, 254 N.E.2d 168, 170, where the court said:

> "The court's explanation of the statutory right to apply for probation and to have a hearing on mitigation is not a necessary element of admonition."

■■ The court advised the defendant at length regarding his rights under Rule 402. Specifically, the court advised the defendant of the penalty that might be imposed; inquired as to whether or not the defendant signed a confession; inquired as to the details of the case and the background of the defendant; made a factual determination of the offenses committed; advised the defendant that he had the right to plead not guilty; advised the defendant of his right to trial by jury; informed the defendant of his presumption of innocence; advised defendant of his right to confront witnesses against him, of his right to waive a jury and have the judge hear the case, and said specifically:

> "Now I want to know at this point whether you are pleading guilty because you did commit the offense charged, is that correct?"

The defendant answered "Yes, Sir." Referring to the plea, the court further inquired in the following fashion:

"Did anybody threaten you or compel you to do this?"

And

"Have any promises been made to you other than in the plea agreement here today? Has anybody promised you anything other than that?"

The defendant answered "No, Sir." The plea of guilty was then accepted. Defendant's contention that the court did not determine whether any threats or promises were made is without merit. As to the nature of the charge, the record discloses that the defendant was advised in detail as to the offense committed by him. The indictment was read to him and he signed the confession in which he admitted the offense in question. It might well be noted that the defendant was not a stranger to this type of offense as he was on parole for burglary at the time of the instant crime. We find that the provisions of Supreme Court Rule 402 were specifically complied with by the trial court.

We turn then to defendant's contention that under the provisions of the Unified Code of Corrections, (Ill. Rev. Stat. 1973, ch. 38, sec. 1005—3—1), the court erred in not ordering a presentence investigation. Counsel for the State has apparently presumed, as contended by defendant, that the provisions of the Unified Code pertaining to mandatory presentencing investigations and the mandatory provision for a hearing in aggravation and mitigation may be applicable to those cases which have not reached final determination. The provisions of the Unified Code are applicable where the Code so provides, primarily in the area of sentences as found in Ill. Rev. Stat. 1973, ch. 38, sec. 1008—2—4, which provides:

"Prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act. If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the *sentences* under this Act apply if they are less than under the prior law upon which the prosecution was commenced." (Emphasis supplied.)

We find no authority for the application of other provisions of the Act, unless so indicated therein.

We therefore hold that the provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, sec. 1005—3—1), relating to mandatory presentencing investigations in felony cases are not applicable to those cases prosecuted prior to the adoption of the Unified Code of Corrections, including those cases which have not reached final adjudication.

While the 1971 applicable provisions of the prior Act (Ill. Rev. Stat. 1971, ch. 38, sec. 1—7(g)) provided for a hearing in aggravation and mitigation, the courts of Illinois under that Act have uniformly held that the defendant was deemed to have waived such a hearing unless specifically requested by him. (*People v. Nelson* (1968), 41 Ill.2d 364, 367, 243 N.E.2d 225; *People v. Fuca* (1969), 43 Ill.2d 182, 185, 251 N.E.2d 239; *People v. Gibson* (1973), 11 Ill.App.3d 875, 297 N.E.2d 31; *People v. Moore* (1973), 15 Ill.App.3d 1041, 305 N.E.2d 609.) Section 1—7(g) of the applicable 1971 statute does not provide for a presentence investigation. As pointed out in the Committee Comments to section 1005—3—1: "This section expands the hearing in aggravation and mitigation to *include* the presentation of a mandatory presentence report in all felony cases." (Emphasis supplied.)

We affirm the conviction of the trial court.

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.