ing in probation (which he violated by failure to report and otherwise), and seven felony convictions resulting in the March 15, 1973, judgment order.

■■ The trial court is normally in a better position than a reviewing court to make a sound determination as to the punishment to be imposed. (*People v. Burbank* (1972), 53 Ill.2d 261, 275.) The sentence imposed was within statutorily prescribed limits and is not in variance with the spirit of the law or improper. *People v. Taylor* (1972), 8 Ill.App.3d 727, 732.

Therefore, the judgment of the Circuit Court of Kane County is affirmed.

Judgment affirmed.

GUILD and SEIDENFELD, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES R. COOK, Defendant-Appellant.

(No. 73-53;

Second District—September 19, 1974.

Ralph Ruebner and Richard Wilson, both of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James W. Jerz, of Model District State's Attorneys Office, of counsel), for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HORACE LEE HOLLIMAN, Defendant-Appellant.

(No. 72-331;

Second District—September 23, 1974.