(No. 46193.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. FRANK MORGAN *et al.*, Appellants.

*Opinion filed November 27, 1974.*

James J. Doherty, Public Defender, of Chicago (John X. Breslin, Thomas F. Finegan, J. Powers McGuire, and Michael Weininger, Assistant Public Defenders, of counsel), for appellants.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, of Chicago, and Patrick T. Driscoll, Jr., and Barry Rand Elden, Assistant State's

Attorneys, and John Joseph O'Malley, Senior Law Student, of counsel), for the People.

MR. JUSTICE DAVIS delivered the opinion of the court:

During one evening, two 17-year-old defendants committed acts which resulted in three separate indictments in the circuit court of Cook County, charging them with murder, numerous counts of armed robbery, and burglary. In the case at bar, the defendants, after jury trial, were found guilty of the robbery of Michael Kroll, and each defendant was sentenced to not less than 10 nor more than 20 years in the penitentiary, said sentences to be consecutive to the sentences imposed in the other two indictments, as hereinafter set forth.

This case deals only with the charge of an armed robbery of Michael Kroll. The conviction on that charge was affirmed by the appellate court (14 Ill. App. 3d 232), and we granted leave to appeal. At the time this case was called for trial the defendants had previously been found guilty of murder, of burglary, and of six specific counts of armed robbery; and Judge Philip Romiti, who had tried indictments Nos. 70—1186 and 70—1187, after a finding of guilty by a jury, imposed the following concurrent sentences:

| Indictment | Defendant<br>*Frank Morgan* | Defendant<br>*Walter McCalvin* |
|---|---|---|
| 70—1186 | Burglary, 5 to 15 years | Burglary, 5 to 15 years |
| | Armed Robbery of Donald Hamilton, 15 to 30 years | Armed Robbery of Donald Hamilton, 15 to 30 years |
| | Armed Robbery of Susan Hamilton, 15 to 30 years | Armed Robbery of Susan Hamilton, 15 to 30 years |
| 70—1187 | Murder of Hobart Scott, 100 to 199 years | Murder of Hobart Scott, 100 to 199 years |

| | |
|---|---|
| Armed Robbery of Daniel Libretti, 20 to 60 years | Armed Robbery of Daniel Libretti, 20 to 60 years |
| Armed Robbery of Richard Juschel, 20 to 60 years | Armed Robbery of Richard Juschel, 20 to 60 years |
| Armed Robbery of J. D. Lee, 20 to 60 years | Armed Robbery of J. D. Lee, 20 to 60 years |
| Armed Robbery of Gilbert Law, 20 to 60 years | Armed Robbery of Gilbert Law, 20 to 60 years |

After these sentences were imposed, the defendants filed a motion for substitution of a judge, and this case was assigned to Judge Richard J. Fitzgerald.

Except for the circumstance that the various criminal acts under consideration took place on the same date, there is nothing in the record to establish that the series of offenses for which the defendants were charged, convicted and sentenced were committed as a part of a single course of conduct. To the contrary, each case involved different victims, and the place where the offense occurred in the case at bar differed from that of the other two indictments.

Before the jury had been selected, on defendants' motion a conference was held in the chambers of Judge Fitzgerald. The defendants indicated a willingness to plead guilty if the State would recommend a 2-year sentence to run concurrently with the sentences previously imposed in the other two indictments, but then expressed a desire to have the *mittimus* stayed. When this motive or influencing factor became apparent, Judge Fitzgerald warned the defendants that any guilty plea must be voluntary and not based on any promise other than that the State agreed to recommend a sentence of 2 years.

The defendants contend that the sentences were improper in that they were a punishment for exercising their right to a trial by jury, and in that they were in excess of the sentences permitted under section 5—8—4 of

the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4).

The defendants contention that the sentences were punishment for exercising their right to a jury trial is based upon the colloquy during the plea-bargaining session in question. The jury had been sworn and the case ready for trial when the defendants indicated they would enter pleas of guilty.

At the conference in chambers between the counsel, defendants, and the court, the prosecutor indicated to the court that the State would recommend the statutory minimum sentence of 2 years to run concurrently with the existing sentences if the defendants were guilty and so pleaded, and the court indicated that it would follow the recommendation. At this point the defendants indicated that they wanted to stay the *mittimus* for 30 days so that they could prepare a defense, and asserted that they were not guilty even though they wished to persist in their plea of guilty. The court said it would not accept a plea of guilty if the defendants were not in fact guilty, refused to accept the pleas, and then proceeded with the trial.

The defendants' reliance upon *People v. Moriarty* (1962), 25 Ill.2d 565, is misplaced. In *Moriarty* it was held improper to "punish" a defendant by a heavy sentence merely because he exercised his constitutional right to a trial before the court or jury. The instant case is factually dissimilar to *Moriarty* in that here there is no basis for a conclusion that the sentences were imposed by the court to punish the defendants for exercising their constitutional right to be tried before a jury.

At the time of the plea bargaining the court was only advised that the defendants were under multiple sentences.

The testimony at the trial indicated that the defendants, armed with revolvers, entered the victim's apartment; that they took from his person a wallet containing approximately $150, identification and credit cards; and that during the search of the victim, one of the defendants

cut him behind the neck for no apparent reason. The testimony further showed that the victim was then ordered to disrobe, to get into the bathtub and turn on the water. He was continuously threatened while in the bathtub; a knife was pressed against his throat and mouth; later he was taken to a bedroom, tied up, gagged, and further threatened with a gun. The defendants were in the apartment for approximately 2 hours, and in addition to the items they took from the person of the victim, they also took a television set and a hi-fi system.

During the course of the trial, the defendants were obstreperous, uttered obscenities to the court and witnesses, threw a shoe at the judge, threw a shoe over the heads of the jurors, and attempted to escape.

At the subsequent hearing in aggravation and mitigation, the State pointed out the visciousness of the crime in question, the absence of remorse and the defendants' lack of respect for the judicial system and its procedures, as demonstrated by their conduct during the trial, and detailed their criminal record, which had been only briefly presented to the court prior to the trial. The State recommended a sentence of not less than 10 nor more than 20 years, such sentence to run consecutive to the sentences heretofore imposed, and the court imposed such sentence. In this setting, it seems abundantly clear that the sentence imposed by the court was based upon appropriate factors, and not upon a desire to "punish" the defendants for insisting upon a trial by jury. When the defendants stated they were not in fact guilty, it was the court, not the defendants, that insisted upon the trial. The refusal of the trial court to 'accept the guilty pleas under these circumstances was proper.

The fact that the court imposed a sentence greater than it apparently would have imposed upon the acceptance of a guilty plea does not, standing alone, taint the sentence. If such were the case, plea bargaining would soon come to an end. Under the defendants' contention, if, at

any time during plea negotiations, it becomes apparent that the court would impose a light recommended sentence, the defendant would have nothing to lose by withdrawing his plea and proceeding to trial with the knowledge that the court could not subsequently impose a greater sentence.

Here it is clear that the sentences were based upon proper consideration of: the seriousness of the crime (*People v. Hicks* (1966), 35 Ill.2d 390, 398); the failure of the defendants to show a penitent spirit (*People v. Gomez* (1963), 29 Ill.2d 432, 435); and prior convictions (*People v. Hopkins* (1973), 53 Ill.2d 452, 459-460; *People v. Nelson* (1968), 41 Ill.2d 364, 367), and, " 'the general moral character of the offender, his mentality, his habits, his social environments, his abnormal or subnormal tendencies, his age, his natural inclination or aversion to commit crime [and] the stimuli which motivate his conduct ***.' " *People v. Dukett* (1974), 56 Ill.2d 432, 452.

We find that the sentences of 10 to 20 years were imposed as a result of the consideration of proper factors, and that the trial judge in the course of the trial and at the hearing in aggravation and mitigation has an opportunity to consider such factors which is superior to that afforded by the cold record in this court. (*People v. Taylor* (1965), 33 Ill.2d 417, 424.) A reviewing court should not reduce a sentence without substantial reason for so doing. *People v. Marose* (1957), 10 Ill.2d 340, 343.

> "When a person shall have been convicted of 2 or more offenses which did not result from the same conduct, either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses." Ill. Rev. Stat. 1971, ch. 38, par. 1—7(m).

In addition to the contention heretofore set forth and

considered, the defendants also contend that the consecutive sentences violate the provisions of section 5—8—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(c)). We concur.

We have held that if sentences under the Unified Code of Corrections are less than under prior law, the limitations of the Act apply to cases pending upon direct appeal. *People ex rel. Weaver v. Longo* (1974), 57 Ill.2d 67; *People v. Chupich* (1973), 53 Ill.2d 572, 584-585; *People v. Harvey* (1973), 53 Ill.2d 585, 589.

Under the rationale of *Longo,* the defendant has been eligible for sentence under the Unified Code since January 1, 1973, its effective date.

Section 5—8—4(c) (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—4(c)) provided in relevant part: "The aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum term authorized under Section 5—8—1 for the most serious felony involved." Under section 5—8—1(c) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)) the court may impose a sentence for murder of 14 years as the "lowest" minimum or any number of years as the "highest" minimum. Thus, under this enactment, the minimum period of consecutive sentences could not exceed 28 years.

The defendants were each sentenced by the trial court to not less than 10 nor more than 20 years in the penitentiary, such sentences to be consecutive to the other sentences heretofore set forth. Since these sentences were consecutive to sentences of 100 to 199 years for murder, they necessarily violated the provisions of section 5—8—4(c) permitting consecutive sentences not to exceed 28 years.

For the reasons set forth herein the judgment of the appellate court is affirmed, and the cause is remanded to the trial court with directions to enter an order that the sentences imposed by the court in the case at bar run

concurrently to those presently existing under indictments numbered 70—1186 and 70—1187.

*Affirmed and remanded,*
*with directions.*