THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN HENRY GILL, Defendant-Appellant.

(No. 74-348;

Fifth District—June 12, 1975.

Stephen P. Hurley and Thomas F. Sullivan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant, John Gill, was convicted of the murders of Thomas and Terry Morrissey on October 13, 1967. The trial court sentenced the defendant to death on November 20, 1968. On appeal the Illinois Supreme Court vacated the defendant's death sentence on June 4, 1973, and remanded the case to the circuit court of St. Clair County for resentencing. (*People v. Gill*, 54 Ill.2d 357, 297 N.E.2d 135.) The circuit court on April 19, 1974, resentenced the defendant to two consecutive terms of 100 to 300 years in the penitentiary.

Since the facts of the instant case are presented in detail in the Illinois Supreme Court opinion (*People v. Gill*, 54 Ill.2d 357, 297 N.E.2d 135), we will not restate them here.

The defendant's sole contention on appeal is whether the circuit court sentenced the defendant under the proper statutory provisions regarding consecutive sentences. The Unified Code of Corrections, effective January 1, 1973, contained the following provision concerning consecutive sentences:

> "* * * The aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum term authorized under Section 5—8—1 [which establishes possible minimum and maximum terms of imprisonment for each class of felony] for the most serious felony involved * * *." (Ill. Rev. Stat., 1973 Supp., ch. 38, § 1005—8—4(c).)

The Council Commentary to this section contained the following explanation regarding minimum consecutive sentences:

> "* * * Because subparagraph (c) limits the minimum sentence to twice the *lowest* minimum authorized under 1005—8—1 for the most serious felony involved, the court may prefer to give a concurrent sentence in those situations where a higher minimum than the *lowest* authorized under section 1005—8—1 may be set by the court in a single case." Ill. Ann. Stat., ch. 38, § 1005—8—4, Council Commentary (Smith-Hurd 1973).

Subsection (c) of section 5—8—4 of the Code was amended in 1973. The amended language regarding consecutive sentences reads as follows:

> "* * * The aggregate minimum period of consecutive sentences shall not exceed the *highest* minimum term authorized under Section 5—8—1 for the 2 most serious felonies involved. * * *." (Emphasis supplied.) (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—4 (effective July 1, 1974).)

Both the sentencing provisions in effect when the defendant was originally sentenced on November 20, 1968 (Ill. Rev. Stat. 1967, ch. 38, § 1—7(m)), and the consecutive sentencing provision now in effect provide for stricter possible penalties than the consecutive sentencing provision in effect when the defendant was resentenced by the circuit court on April 19, 1974.

Section 8—2—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1008—2—4) provides:

> "Prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act. If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sen-

tences under this Act apply if they are less than under the prior law upon which the prosecution was commenced."

Due to the perfection of the instant appeal to this court, the original judgment on the defendant's conviction has never been finally adjudicated for purposes of applying the provision of the Unified Code of Corrections.

■■ In addressing a sentencing question factually similar to the instant case (*People v. Williams*, 60 Ill.2d 1, 322 N.E.2d 819), the Illinois Supreme Court recently held that:

"* * * the legislative intent was to apply the sentencing provisions of the Unified Code to those cases pending on appeal [Citations.] and where, as here, sentencing provisions in effect at the time sentence was imposed and at the time the appeal is decided are less favorable to a defendant than provisions enacted after sentence was imposed, and then repealed before the appeal was decided, *the defendant is entitled to the benefit of the more favorable intervening statute.*" (Emphasis added.) 60 Ill.2d 1, 16-17, 322 N.E.2d 819, 827-828.

Following *Williams,* we find that the defendant was entitled to the benefit of the consecutive sentencing provisions in effect when he was resentenced on April 19, 1974. (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—4(c) (effective January 1, 1973, to July 1, 1974).) Under this consecutive sentencing statute, the aggregate *minimum* period of consecutive sentences could not exceed twice the *lowest minimum* term authorized under section 5—8—1 of the Unified Code for the most serious felony involved. Since the lowest minimum for murder under section 5—8—1(c) (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c)) was 14 years, the sum of the two minimum sentences for each murder conviction cannot exceed 28 years. Consequently, the defendant could only have been consecutively sentenced to 14-year minimums on each conviction. Accordingly, we conclude that the circuit court erred in sentencing the defendant to consecutive 100-year minimum terms.

■■ Since it is clear that the effective statute (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—4(c)) requires that the defendant's sentence be modified, we have chosen to reduce the punishment imposed by the trial court in accordance with the power granted this court by Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1973, ch. 110A, § 615(b)(4)). Nevertheless, in view of the egregious nature of the offenses, which our supreme court described as "a violent criminal rampage" (*People v. Gill,* 54 Ill.2d 357, 297 N.E.2d 135, 139), we are not inclined to reduce the defendant's sentence as drastically as requested by the defendant. After reviewing the defendant's potential for rehabilitation and the seriousness of the offense

as required by our constitution (Ill. Const., art. I, § 11) together with society's need for protection, we have decided that the defendant's sentence of two consecutive terms of 100 to 300 years should be reduced to *two* concurrent terms of 35 to 100 years. Sentences exceeding that imposed in the instant case have been upheld in severe cases. (*E.g., People v. White,* 22 Ill.App.3d 180, 317 N.E.2d 323; *People v. Malcom,* 14 Ill.App.3d 378, 302 N.E.2d 352; *People v. Richards,* 120 Ill.App.2d 313, 256 N.E.2d 475.) In view of the nature of the offenses, the manner in which it was committed, and the failure of the record to disclose any mitigating circumstances of a compelling nature, we do not feel justified in any further reduction of the sentence here imposed.

Accordingly, we affirm the defendant's conviction and remand this cause to the circuit court of St. Clair County with directions that a corrected mittimus be issued in accordance with the views expressed herein.

JONES, P. J., and G. MORAN, J., concur.