686

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH J. HARAZAK, Defendant-Appellant.

(No. 74-72;

Second District (2nd Division)—September 3, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

Defendant appeals from the revocation of his probation and the imposition of sentence of 1 to 8 years with an additional mandatory parole term of 3 years following.

In March, 1972, after conviction on a negotiated plea of guilty to the offense of unlawful delivery of a controlled substance (less than 30 grams of LSD), defendant was sentenced to a period of 3 years' and 9

months' probation, with the first 9 months to be spent in the County Jail. In November, 1972, the State filed a petition to revoke defendant's probation alleging that he had committed a burglary, and a supplemental petition alleging defendant's failure to cooperate with Probation Department program in violation of one of the conditions of his probation. At the hearing on that petition in January, 1973, defense counsel and the prosecutor informed the court that pursuant to an agreement between them the State would proceed only on the earlier petition (charging commission of a burglary), defendant would admit the allegations of the petition in exchange for a 5-month term in the County Jail, and the State agreed not to prosecute him for that burglary. His probation officer testified that defendant was not cooperating in the mental health program which the Probation Department considered necessary for him. The State also presented a factual basis for the burglary which defendant committed.

During that hearing the defendant and the State agreed to amend the plea bargain, and instead of revoking his probation it would be modified by giving him a 5-month term of periodic imprisonment during which he would attend the Lake County Mental Health Center not less than twice a week. The trial judge emphasized to defendant his desire to have defendant change his ways and to cooperate with this probationary program; the judge also warned defendant that if he failed to cooperate he (the judge) would consider it sufficient grounds to revoke. Defendant assured the judge that he understood the possible consequences of his failure to cooperate. After admonishing defendant regarding his rights at a probation revocation hearing and the consequence of his agreeing to the modification of his probation, and the defendant having admitted his culpability for the burglary, the court stated the terms of the new probation order.

In March, 1973, the State filed its petition to revoke defendant's probation (as modified by the January, 1973, order) alleging defendant's failure to return to the County Jail after his release to attend the Lake County Mental Health Clinic. At the hearing on this petition in April the prosecutor stated his understanding from defense counsel that "there would be an admission." The trial court then reviewed the status of defendant's probation and recited the facts alleged in the revocation petition. Defense counsel stated that defendant was gone for 6 days. The trial court inquired if defendant desired to introduce anything else. Defense counsel thereupon had defendant take the stand. Defendant testified that he left the jail on March 19 for the purpose of attending the clinic. He related a discussion with his probation officer during which he alleged the officer "was going to revoke my probation" and that defendant "was

scared" and that his "girl friend had broken up with" him a week earlier. The probation officer was called to the stand and confirmed a conversation with the defendant but testified that it was defendant himself who asserted that the court would agree with the probation officer's recommendation. At the conclusion of the hearing and after hearing counsel's arguments, the trial court made a finding of "wilful violation," revoked defendant's probation, and imposed sentence for the offense of unlawful delivery of a controlled substance, including the 3-year mandatory parole term following.

■■ Defendant's first contention is that the trial court erred in failing to admonish him of his rights, pursuant to Supreme Court Rule 402, prior to defendant's admission of the violation charges at the revocation hearing. After the briefs were filed in this case our holding in *People v. Blake*, 15 Ill.App.3d 39, was affirmed by the Illinois Supreme Court in *People v. Beard*, 59 Ill.2d 220, 226-27. There the supreme court held that "Rule 402 is not applicable to probation revocation proceedings." That holding is dispositive of defendant's first contention.

■■ Defendant next argues that he was denied due process because the court allowed him to proceed first and to testify without the State's having presented its case. We recently had occasion, in *People v. Cook*, 22 Ill.App.3d 94, to consider the same argument where the facts were almost identical to those in the case at bar. While we reiterate as we did in *Cook* that "the burden of proof remains at all times with the State" and "that the course of the hearing in this case was to some extent short circuited," the real question is whether the defendant was prejudiced by this procedure. Our examination of this record makes it abundantly clear that the defendant was not prejudiced. He admitted that he failed to return to the County Jail (for 6 days) in violation of the terms of his probation. The reasons he gave for his failure to return were obviously insufficient.

Finally, we consider defendant's contention that the court erred in imposing a mandatory parole term as a part of his sentence. Defendant was charged with the offense of unlawful delivery of a controlled substance. He pleaded guilty and on March 15, 1972, was admitted to a term of probation for 3 years and 9 months which was revoked in April, 1973, on a petition filed in March of that year.

Section 8—2—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4) which became effective January 1, 1973, provides as follows:

"* * * If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for the purposes of sen-

tencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced."

Before adoption of the Unified Code of Corrections the possible term for the offense was 1 to 10 years (Ill. Rev. Stat. 1971, ch. 56½, par. 1401(c)), and no additional parole term was provided. Under the Unified Code of Corrections the offense was classified as a Class 3 felony and it bears a possible prison term of 1 to 10 years, with the additional mandatory 3-year parole term (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(4) and (e)(2)).

In view of the fact that the offense of which the defendant stands convicted was committed in 1971 and he was prosecuted therefor in 1972 before the Unified Code of Corrections became effective, the court erred in including the mandatory parole term in defendant's sentence. For that reason, that part of the defendant's sentence providing for the mandatory parole term is vacated with directions to issue an amended mittimus reflecting the correction.

For the reasons stated in this opinion the judgment is affirmed as to revocation of probation and the sentence is modified so as to vacate the mandatory parole term.

Judgment affirmed and sentence modified.

T. MORAN and DIXON, JJ., concur.