THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. CEDRIC NICKS, Appellant.

*Opinion filed January 26, 1976.*

SCHAEFER, UNDERWOOD and RYAN, JJ., dissenting.

Richard J. Wilson, Deputy Defender, Office of State Appellate Defender, of Springfield (Daniel D. Yuhas, Assistant Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Basil G. Greanias, State's Attorney, of Decatur (Roger L. Longtin, Assistant Attorney General, of Springfield, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In 1972 defendant, Cedric Nicks, was convicted of three counts of armed robbery following a jury trial in the circuit court of Macon County, and the trial court imposed a sentence of 10 to 30 years in the penitentiary which was to be served consecutively to "any and all sentences heretofore imposed." (At the time that the sentence was imposed, defendant had been previously convicted of an unrelated armed robbery and had been sentenced to 12 to 20 years. That conviction was affirmed by the appellate court in *People v. Nicks,* 23 Ill. App. 3d 443.) The appellate court, in reviewing the present case, affirmed the conviction for one count of armed robbery but reversed the convictions for the remaining two counts because the offenses arose from the same course of conduct. The appellate court refused to reduce the consecutive sentence that had been entered. (*People v. Nicks,* 23 Ill. App. 3d 435.) We granted defendant's petition for leave to appeal, which raises the sole issue of the propriety of the consecutive sentence under section 5—8—4 of the Unified Code of Corrections. Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—4, effective January 1, 1973.

The facts encompassing the armed robbery are recounted in the opinion of the appellate court and need not be set forth because the evidentiary sufficiency supporting defendant's conviction is not questioned.

Section 5—8—4 of the Unified Code of Corrections, as relevant to this appeal, provided:

> "(c) The aggregate maximum of consecutive sentence[s] shall not exceed twice the maximum term authorized under Section 5—8—1 for the most serious felony involved. *The aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum term authorized under Section 5—8—1 for the most serious felony involved.* ***
>
>     * * *
>
> (e) In determining the manner in which consecutive sentences of imprisonment *** will be served, the Department of Corrections shall treat the offender as

though he had been committed for a single term with the following incidents:

\* \* \*

(3) the minimum period of imprisonment shall be \*\*\* the aggregate of the minimum period of imprisonment imposed by the court \*\*\* subject to paragraph (c) of this Section \*\*\*.

\* \* \*

(h) Paragraphs (e), (f) and (g) of this Section shall apply to persons in the custody of the Department of Corrections on the date this Act becomes effective and to those persons thereafter committed to the Department, *provided, however, that paragraph (c) of this Section shall apply only to persons sentenced on or after this Act becomes effective.*" (Emphasis added.) (Ill. Rev. Stat., 1972 Supp., ch. 38, pars. 1005—8—4(c), (e) and (h).)

Section 5—8—4(c) has since been modified to provide that the "aggregate minimum period of consecutive sentences shall not exceed the highest minimum authorized under Section 5—8—1 for the 2 most serious felonies involved." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(c).) No contention is now raised by the parties to this appeal that the modification of section 5—8—4 is relevant to determination of the issue presented. In any event, if this statutory modification of section 5—8—4(c) would be construed as permitting sentences such as those imposed in this case, we have held that a defendant who was sentenced prior to the effective date of the Unified Code of Corrections, as here, could rely upon section 5—8—4(c) as originally enacted to seek modification of the consecutive sentences. *People v. Williams,* 60 Ill.2d 1, 16-17.

In *People v. Morgan,* 59 Ill.2d 276, this court ordered that consecutive sentences of 10 to 20 years for armed robbery be modified to be served concurrently by defendants with sentences of 100 to 199 years for murder. We predicated that decision upon section 5—8—4(c) of the Unified Code of Corrections, as originally enacted, noting that the aforementioned consecutive sentences exceeded twice the minimum sentence authorized by law for the

more serious offense of murder, which was 14 years' imprisonment. *People v. Williams,* 60 Ill.2d 1, is to the same effect.

Defendant in this case relies on our holding in *Morgan,* and he argues that his consecutive armed robbery sentences are in violation of that decision because the aggregate minimum of his consecutive sentences, which totals 22 years, exceeds twice the statutory minimum for armed robbery, which totals 8 years. He specifically requests this court to order that his armed robbery sentences be served concurrently.

The State concedes the strong basis of defendant's position under the decisions of *Williams* and *Morgan,* which applied section 5—8—4(c) to consecutive sentences entered prior to the effective date of the Unified Code of Corrections. But the State requests this court to reconsider these decisions in light of the italicized provision of section 5—8—4(h) previously set forth. The State says that section 5—8—4(h) was not presented to this court for consideration in *Williams* and *Morgan.* Since defendant was sentenced prior to the effective date of the Unified Code of Corrections, it is the State's position that under the explicit language of section 5—8—4(h) the limitation on the aggregate minimum of consecutive sentences set forth in section 5—8—4(c) is not applicable to defendant. To hold as the State suggests would nullify the effect of *Williams* and *Morgan* for those defendants who received consecutive sentences prior to the effective date of the Unified Code of Corrections and who were in the course of direct appeals at the time that statute became effective. We deem this construction to be unconstitutional.

Section 8—2—4 of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4) required that, if the criminal prosecution had not reached "a final adjudication," the sentences under the Code would apply if they were less than under prior law. In *People v. Chupich,* 53 Ill.2d 572, we interpreted the term

"final adjudication," as used in the Controlled Substances Act, to include that period until the criminal case is decided by the last direct appeal. And in *People v. Harvey,* 53 Ill.2d 585, we applied this construction to require reduction of the minimum sentences therein imposed to conform to the requirement specified in the Unified Code of Corrections.

The impact of *Chupich* and *Harvey* was to require the resentencing of a defendant who was sentenced under prior law if the initial sentence was less favorable than that established by the Unified Code of Corrections and a direct appeal of his conviction was pending at the time that the Code became effective. To accept the State's position pertaining to the imposition of consecutive sentences under prior law would nullify the *Chupich* and *Harvey* decisions in regard to the present defendant. We are unable to perceive a rational basis for such classification for those serving consecutive sentences while other inmates are afforded a sentence reduction under the Code. See *People v. Sherman* 57 Ill.2d 1, 4-5.

We further note that section 5—8—4(e) of the Code sets forth the procedure relating to the Department of Corrections' determination as to the manner of service for consecutive sentences. The minimum period of imprisonment is the aggregate minimum of the sentences imposed subject to paragraph (c) of section 5—8—4. The Council Commentary demonstrates the intendment that section 5—8—4(e) be applied to all inmates currently serving consecutive sentences for purposes of determining parole eligibility. (S.H.A. (1973), ch. 38, par. 1005—8—4, Council Commentary, at 485-86.) This intent is also manifest by section 5—8—4(h), which states that 5—8—4(e) is to be applied to all those in the custody of the Department of Corrections on the effective date of the Code. It would appear that the limitation of section 5—8—4(c) on consecutive sentences would be applied to those receiving such sentences prior to the effective date of the Code in relation

to the determination of their parole eligibility after said date. But without qualification section 5—8—4(h) plainly provides that the limitation of section 5—8—4(c) as to the aggregate minimum of consecutive sentences is only applicable to those sentenced after the Code's effective date.

Failure to afford defendant the benefits of section 5—8—4(c) for a more favorable determination of parole eligibility under section 5—8—4(e) in regard to consecutive sentences would be contrary to our decision in *People ex rel. Weaver v. Longo,* 57 Ill.2d 67, wherein we held that the parole eligibility provisions of the Code, there at issue, were applicable to an inmate serving a single sentence under prior law unless the latter afforded him more favorable treatment. And it would require that offenders serving consecutive sentences imposed prior to the effective date of the Code be treated differently from those sentenced to consecutive terms after the effective date of the Code or those serving sentences which are not consecutive as in *Longo.* There is no rational basis for this classification.

We are of the opinion that the portion of section 5—8—4(h) upon which the State relies is violative of the equal protection clauses of the Federal and State constitutions. It may be severed without affecting the remaining portions thereof. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—4—1.) Accordingly, the judgment of the appellate court insofar as it affirmed the consecutive sentence in this cause is reversed. The cause is remanded to the circuit court of Macon County with directions to issue an amended *mittimus* indicating that the sentence for armed robbery in this cause is to run concurrently with the sentence previously imposed.

*Reversed in part and remanded,*
*with directions.*

MR. JUSTICE SCHAEFER, with whom MR. JUS-
TICE UNDERWOOD and MR. JUSTICE RYAN, join,
dissenting:

Mr. Justice Underwood, Mr. Justice Ryan, and I are
unable to agree with the majority opinion, which elimi-
nates the proviso of section 5—8—4(h) of the Unified Code
of Corrections that paragraph (c) of section 5—8—4 is to
apply only to persons sentenced after the effective date of
the Unified Code of Corrections. The defendant in this
case was sentenced prior to the date when the Unified
Code of Corrections became effective. The legislative
intention is unmistakable that persons who had received
consecutive sentences prior to the effective date of the
statute were not to benefit by its provisions.

The majority opinion holds that this legislative inten-
tion cannot be given effect because in two earlier opinions
of this court (*People v. Morgan* (1974), 59 Ill.2d 276, and
*People v. Williams* (1975), 60 Ill.2d 1), section 5—8—4(h)
of the statute was not applied although by its terms it was
applicable to the sentences involved in those cases. The
majority concludes that since this statutory provision was
not applied in *Morgan* and to *Williams,* it would deprive
the present defendant of equal protection if the statute
was applied to him.

The simple fact is that section 5—8—4(h) was not
called to the attention of the court in either the *Morgan* or
the *Williams* cases and its existence was overlooked by the
court. Those decisions are not, therefore, to be considered
as valid precedents under orthodox notions of *stare decisis.*
Indeed, a case in which a governing statute is not called to
the attention of the court which decided the case is the
classic example of what is known as a "judgment *per
incuriam.*" (See *Young v. Bristol Aeroplane Co.*, [1944] 1
K.B. 718, [1944] 2 All E.R. 293.) The term *"per
incuriam"* means "through inadvertence." Black's Law
Dictionary 1293 (rev. 4th ed. 1968).

The effect of the statutory provision, which is the
only issue involved in the present case, was neither raised

nor discussed in the *Morgan* and *Williams* cases. At most, it can be said to have "lurked in the record." Those decisions are not precedents (*KVOS, Inc. v. Associated Press,* 299 U.S. 269, 81 L. Ed. 183), and the fact that the State's Attorney failed to call the court's attention to the statute in the *Morgan* and *Williams* cases does not create an estoppel in the present case. Nor, in our opinion, would the defendant be deprived of equal protection of the law by the application of the statute to him.