THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSE SUMNER, Defendant-Appellant.

Third District   Nos. 74-282, 75-25, 75-26 cons.

Opinion filed August 30, 1976.—Rehearing denied November 30, 1976.

BARRY, J., concurring in part and dissenting in part.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

C. Brett Bode, State's Attorney, of Pekin (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is a consolidated appeal from three separate murder convictions of defendant Jesse Sumner. With respect to the appeal in case number 74-282, Sumner was convicted by a jury of a murder which occurred in McLean County. The trial took place in La Salle County on a change of venue and resulted in a sentence on June 21, 1974, of a term of imprisonment of from 50 to 100 years. During the trial, which was vigorously contested, trial errors were claimed, argued, and ruled upon. On this appeal no errors have been brought to the attention of the court affecting the validity of the conviction, and, in fact, a memorandum has

been included with the brief, indicating there are no arguable errors to be considered on an appeal.

With respect to the appeal in case number 75-25, defendant was charged with, and pleaded guilty to three counts of an indictment charging the offense of a murder which occurred in Tazewell County. After defendant's motion to suppress his oral confession was denied upon a full hearing, the defendant on September 9, 1974, pleaded guilty to the offense charged. After a presentence hearing defendant was sentenced to a term of 100-200 years in the penitentiary, to be served consecutively with the earlier sentence imposed in case 74-282. No issues are raised on this appeal concerning the propriety of this conviction entered on defendant's plea of guilty.

With respect to the appeal in case number 75-26, the defendant was charged in a three-count indictment with another murder which occurred in Tazewell County. On the same date as the plea in 75-25, the defendant pleaded guilty to the offense charged and received a sentence of from 100-200 years in the penitentiary to be served consecutively with the offenses in 74-282 and 75-25. No issues are raised on this appeal concerning the defendant's conviction entered on his plea of guilty.

The only issue raised on this appeal is whether the consecutive sentences are excessive because they are in violation of section 5—8—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—4(c)). Such paragraph provides in part: "The aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum term authorized under Section 5—8—1 for the most serious felony involved." It is admitted by the parties the foregoing section was operative and in full force and effect at the time of the convictions involved in this appeal and such section governs the propriety of the sentences, even though this section was subsequently amended. (*People v. Williams*, 60 Ill. 2d 1, 322 N.E.2d 819; *People v. Morgan*, 59 Ill. 2d 276, 319 N.E.2d 764, and *People v. Nicks*, 62 Ill. 2d 350, 342 N.E.2d 360.) Since the minimum sentence for murder is 14 years (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—1) the aggregate minimum period of consecutive sentences which may be imposed pursuant to the limitation in section 5—8—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—4(c)) is 28 years. The initial sentence in case 74-282 exceeds the 28-year limit and consequently the People have confessed error with respect to each of the subsequent sentences. On this appeal the People concede the two subsequent sentences in cases 75-25 and 75-26 are required to be concurrent sentences with case 74-282.

For the foregoing reasons the judgment of conviction and sentence imposed by the circuit court of La Salle County in case 74-282 is affirmed. In case 75-25 the judgment of conviction of the defendant

entered by the circuit court of Tazewell County is affirmed, but the sentence imposed pursuant thereto is vacated and the case is remanded to said court with the direction the defendant be resentenced to provide the sentence be concurrent with that imposed in 74-282. In case 75-26 the judgment of conviction of the defendant entered by the circuit court of Tazewell County is affirmed, but the sentence imposed pursuant thereto is vacated and the case is remanded to said court with the direction the defendant be sentenced to provide such sentence be concurrent with those imposed in 74-282 and 75-25.

Judgments affirmed and sentences vacated in part and remanded with directions.

STENGEL, J., concurs.

Mr. JUSTICE BARRY, concurring in part and dissenting in part:

Judge Hoffman, an experienced trial judge fully appreciative of the importance of judicial restraint, in sentencing this defendant in 73-CF-395, nonetheless deliberated as follows:

> "The defendant has scrupulously had his constitutional rights protected, and I will now proceed to protect the constitutional rights of society.
>
> This man, in the judgment of this court, * * * [s]hould reap the vengeance of a powerful law. There is no question in my mind but ·that, having regard to the nature and circumstances of the offense, and the history and character of the defendant, a higher minimum term than that provided by the statute should be imposed. In imposing the sentence, which I am about to impose, I believe that this man must be severely punished, and I believe that society must be protected from any transgressions which he might be allowed to commit for many years into the future. * * * I say from this bench to the parole board * * * that he should be kept in prison until well advanced in years. I say to the parole board in the future that this man must not be permitted to prey upon society. I say to the parole board, and I say to the prison officials, that this is a very violent and dangerous man."

The record supports his concern.

Judge Stone in imposing sentences in 73-Y-1748 and 73-Y-1749 made specific essential findings *both* as to the need for consecutive sentences for this defendant (Unified Code of Corrections, Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—4(b)), and as to the need of a greater aggregate minimum because of the heinous character of the crimes committed (Unified Code of Corrections, Ill. Rev. Stat. 1972 Supp., ch. 38, par.

1005—8—4(c) and by reference Unified Code of Corrections, Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—1(c)(1)).

The majority reaches a conclusion that the greatest aggregate minimum term for consecutive sentences in this case involving three unrelated murders of college co-eds, is limited to 28 years and therefore remands for imposition of concurrent terms of imprisonment on all three convictions. I am not persuaded that this construction of the statute is imperative.

The statute applicable is section 5—8—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—4(c)), which provides for the terms of imprisonment authorized in cases of consecutive sentences. To construe section 5—8—4(c) as the majority does, that the aggregate of minimum terms imposed consecutively for multiple murders, such as here, could never exceed 28 years while the same criminal receiving concurrent sentences instead of consecutive ones (or a criminal guilty of only one offense) could be incarcerated for a much longer minimum term attributes a paradoxical intent to the legislative language.

In reaching its conclusion the majority in the case of consecutive sentences imposed under section 5—8—4(c), in referring back to section 5—8—1 as required, simply *reads out of that section*, the discretionary authority on the part of the circuit court to impose greater minimum terms, and *reads into the same section* words of limitation that are not there.[1] The "lowest minimum" referred to in section 5—8—4(c) as being "authorized" is whatever becomes the lowest minimum term *lawfully imposed* by the court under section 5—8—1 for the most serious felony involved. I find no justification for any judicial supposition that the legislature intended any part of its language in section 5—8—1, when incorporated by reference to section 5—8—4(c), to be read out as surplusage. If, as everyone concedes, the circuit court has authority to impose a higher minimum term under section 5—8—1 for a single offense, or even for multiple offenses where concurrent sentences are imposed, clearly the specific reference to section 5—8—1 in section 5—8—4(c) requires that the same discretion or authorization be available for multiple offenses where consecutive sentences are deemed required by the trial judge.

---

[1] §5—8—1. **Sentence of Imprisonment for Felony.**) (a) A sentence of imprisonment for a felony shall be an indeterminate sentence set by the court under this Section. ° ° °

(c) The minimum term shall be set according to the following limitations:
(1) for murder, the minimum term shall be 14 years *unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term;* ° ° °." (Emphasis added.)

In the absence of a definitive explanation that the legislative language is limited to mean the judicial discretion cannot be exercised even in appropriate circumstances to impose a greater aggregate minimum in consecutive sentences I do not assume the legislature intended the consecutive sentencing provisions to confer a benefit to one guilty of multiple murders. The dissenting justices in *People v. Nicks*, 62 Ill. 2d 350, 342 N.E.2d 360 (1976), stated that the interpretation of the statutory provision was left unclear in *Williams* (and *People v. Morgan*, 59 Ill. 2d 276, 319 N.E.2d 764 (1974)), and may have been overlooked by the court. We felt fortified in reaching this same supposition in *People v. Heidelberg*, 33 Ill. App. 3d 574, 338 N.E.2d 56 (3d Dist. 1975).

I concur that the convictions should be affirmed and that causes 75-25 and 75-26 should be remanded for resentencing, but dissent from the conclusion that the aggregate minimum term of imprisonment cannot exceed 28 years and that concurrent terms are mandated.