THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LEWIS McAFEE, Defendant-Appellant.

First District (5th Division)   No. 62429

Opinion filed October 8, 1976.

James Geis, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Jerome A. Saxon, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Following a jury trial in 1971, defendant, Lewis McAfee, was convicted of murder, attempt murder, armed robbery and attempt armed robbery. The trial court imposed consecutive sentences of 100 to 150 years for murder, 10 to 20 years for attempt murder, five to 15 years for armed robbery and five to 10 years for attempt armed robbery. On direct appeal this court affirmed the convictions but vacated the sentences and remanded the cause for resentencing. (*People v. McAfee* (1974), 23 Ill. App. 3d 788, 320 N.E.2d 84.) Thereafter the trial court imposed concurrent sentences of the same length for murder, attempt murder and armed robbery. Defendant also was sentenced to a concurrent term of three to 10 years for attempt armed robbery.

The Unified Code of Corrections (hereafter Code) requires a mandatory three-year parole term for attempt armed robbery and a five-year parole term for the remaining offenses upon which defendant was convicted. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e).) The trial court upon resentencing expressly imposed such parole terms.

■■ Defendant contends that the mandatory parole terms were improper because this statute was not in effect at the time the offenses were committed or at the time he was originally sentenced. Under the Code the mandatory parole term is part of the sentence. (*People v. Isringhaus* (1976), 38 Ill. App. 3d 535, 347 N.E.2d 834; see *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505.) In *People v. Todd* (1976), 34 Ill. App. 3d 844, 340 N.E.2d 669, the Fifth District of the Appellate Court of Illinois reached a conclusion adverse to the position of the present defendant. It noted that the sentence imposed under the Code was less than the sentence which could have been imposed under prior law, as here, even when the mandatory parole term was considered. (*Cf. People v. Harazak* (1975), 31 Ill. App. 3d 686, 334 N.E.2d 334; *People v. Long* (1974), 20 Ill. App. 3d 957, 313 N.E.2d 281.) The result reached in *Todd* is dispositive of defendant's contention. Moreover, the defendant sought the benefit of the Code in his direct appeal in order to ameliorate the lengthy consecutive sentences previously imposed. A defendant may not claim the beneficial aspects of the Code's sentencing provision in one regard yet seek to negate the effect of other pertinent provisions of that statute. (See *People v. Collins* (1976), 37 Ill. App. 3d 202, 345 N.E.2d 730; *People v. Emmett* (1975), 34 Ill. App. 3d 167, 340 N.E.2d 235.) We therefore conclude that imposition of the mandatory parole terms was proper.

Defendant also argues that the concurrent terms of imprisonment to which he was resentenced were impermissible because the modification resulted in a greater sentence. He relies on section 5—8—4(c) of the Code as originally enacted. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(c).) That section provided that the aggregate minimum of consecutive sentences could not exceed twice the minimum sentence for the most serious offense which in this case would be a 14-year term for murder. Defendant says that the minimum aggregate of consecutive sentences would be 28 years. He claims that he has a "vested right" to be sentenced in this manner and he requests that his minimum sentence be reduced accordingly.

Examination of this court's opinion in defendant's direct appeal suggests two bases for the remandment to the trial court for reconsideration of the consecutive sentences. That opinion noted that the original record did not reflect consideration of all statutory factors justifying the imposition of consecutive sentences. Moreover, the court found that the aggregate minimum of the consecutive sentences exceeded the limitation of section 5—8—4(c). However, there was no indication in the opinion and the mandate issued pursuant thereto that the reimposition of consecutive sentences was required.

We believe that defendant's contention is without merit. In several cases the Supreme Court has modified consecutive sentences which were proscribed by section 5—8—4(c) as it was originally enacted and has ordered such sentences to be served concurrently. (*People v. Nicks* (1976), 62 Ill. 2d 350, 342 N.E.2d 360; *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819; *People v. Morgan* (1974), 59 Ill. 2d 276, 319 N.E.2d 764.) The same modification has been made by other courts. (*People v. Henderson* (1976), 36 Ill. App. 3d 355, 344 N.E.2d 239; *People v. Gill* (1975), 29 Ill. App. 3d 356, 330 N.E.2d 552; *People v. Sumner* (3rd Dist. 1976), 43 Ill. App. 3d 133, 356 N.E.2d 819.) These decisions negate defendant's contention that he has a "vested right" to be resentenced to consecutive terms whose aggregate minimum is 28 years. The cases merely hold that a defendant is to be afforded a sentence modification under the Code if the current provisions are ameliorative to the sentence previously imposed. *Nicks.*

■■ We find no basis to conclude that defendant has received a greater sentence than the Code provides. Concurrent sentences under the circumstances of this case are statutorily recognized. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a).) To avoid the proscription of section 5—8—4(c) as originally enacted, the imposition of concurrent sentences is permissible. (See Ill. Ann. Stat., ch. 38, par. 1005—8—4, Council Commentary, at 485 (Smith-Hurd 1973).) It is to be also noted that the concurrent sentences imposed are less than the original consecutive

sentences but greater than the sentence structure presently sought by defendant. (*People v. Carpenter* (1976), 38 Ill. App. 3d 435, 347 N.E.2d 781.) However, defendant's eligibility for parole consideration had not been affected (*People v. Henderson* (1976), 39 Ill. App. 3d 164, 351 N.E.2d 225), and he is not now presented with a greater potential for incarceration than existed under his prior sentences nor under the sentence modification which he seeks. *Cf. Blackledge v. Perry* (1974), 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098.

Accordingly the judgment of the circuit court imposing concurrent sentences with the attendant mandatory parole terms upon defendant is affirmed.

Affirmed.

LORENZ, P. J., and SULLIVAN, J., concur.