UNITED STATES of America ex rel. Sylvester HENDERSON, Petitioner-Appellant,

v.

Ernest E. MORRIS, Warden, Respondent-Appellee.

No. 80–1811.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 26, 1982.

Decided Feb. 5, 1982.

Peter J. Schmiedel, Chicago, Ill., for petitioner-appellant.

Kenneth A. Fedinets, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before CUMMINGS, Chief Judge, and PELL and SPRECHER, Circuit Judges.

CUMMINGS, Chief Judge.

The petitioner appeals from the district court's denial of his application for a writ of habeas corpus. For the reasons explained below, we affirm the judgment of the district court.

On November 15, 1972, the petitioner, Sylvester Henderson, was convicted in the Circuit Court, Cook County, Illinois, of four separate felonies. He was sentenced to consecutive terms of 20 to 60 years for rape, 15 to 45 years for aggravated kidnapping, 15 to 45 years for one count of armed robbery, and 10 to 30 years for another count of armed robbery. Under the statute in effect at that time, his aggregate minimum period of confinement was 60 years. The petitioner appealed the convictions to the Illinois Appellate Court.

During the pendency of that appeal, the Illinois legislature enacted a revised sentencing statute, the Uniform Code of Corrections, Ill.Rev.Stat.1973, ch. 38, par. 1001–1–1 *et seq.* Section 5–8–4 of the Code (Ill.Rev.Stat.1973, ch. 38, par. 1005–8–4) effected certain changes in the limitations on consecutive and concurrent terms of imprisonment. Paragraph (c), the provision at issue in this appeal, provided that "[t]he aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum term authorized under Section 5–8–1 for the most serious felony involved." [1] Under that provision, the petitioner's aggregate minimum period of consecutive sentences could not exceed eight years.

Subsequently, the Illinois Appellate Court affirmed the petitioner's convictions, but modified his sentences from consecutive to concurrent in order to remedy the inconsistency between his original aggregate minimum term and the limitation imposed by the new statute. *People v. Henderson*, 36 Ill.App.3d 355, 344 N.E.2d 239 (1st Dist. 1976). As a result of the modification, the petitioner's minimum term was reduced from 60 years, the original aggregate, to 20 years, the minimum term for the individual rape conviction.[2] The Illinois Supreme Court denied the petitioner leave to appeal from that decision.

On July 13, 1978, the petitioner initiated this action in United States District Court, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied the writ. This appeal follows.

In both his petition to the district court and his appeal to this Court, the petitioner asserts that the state appellate court, in modifying his sentences, denied him (1) the

---

1. Section 5–8–1(c) (Ill.Rev.Stat.1973, ch. 38, par. 1005–8–1(c)) provided that the lowest minimum term for a Class 1 felony—the category applicable to each of the petitioner's offenses—was four years.

2. The court found none of the original individual minimum terms excessive under the new statute. See note 5, *infra.*

benefit of the limitation on the aggregate minimum period of consecutive sentences embodied in Section 5–8–4, and (2) the more favorable parole treatment he would have received thereunder.[3] He argues that because he was a member of the class of persons for whom the legislation was enacted, the court's action denied him equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States.

■ The district court rejected this argument on the ground that the state appellate court did not deny the petitioner the benefit of the new statute; rather it specifically modified his sentence to conform to the provisions of the Code. We agree.

There is no question that the Uniform Code of Corrections, including Section 5–8–4, though enacted after the petitioner's original sentences were imposed, nevertheless was applicable to his case on direct appeal. Ill.Rev.Stat.1973, ch. 38, par. 1008–2–4; *People v. Nicks*, 62 Ill.2d 350, 342 N.E.2d 360 (1976).[4] An offender in petitioner's position was to be afforded a sentence modification if the Code's provisions were ameliorative to the sentence previously imposed. *People v. Morgan*, 59 Ill.2d 276, 283, 319 N.E.2d 764, 768 (1974); *People v. McAfee*, 42 Ill.App.3d 966, 968, 1 Ill.Dec. 727, 356 N.E.2d 1009, 1011 (1st Dist. 1976). The petitioner was afforded such a modification. The state appellate court altered the petitioner's sentences so that they conformed to standards applicable to concurrent sentences imposed under the new statute.[5]

The Illinois Supreme Court has repeatedly found that such a modification, from consecutive to concurrent sentences, is a proper way to resolve the dilemma created by the application of Section 5–8–4 to pre-Code consecutive sentences. *People v. Nicks, supra; People v. Morgan, supra.* Moreover, the rational basis for that position becomes apparent when one considers that to preclude such a modification and require instead the automatic application of the limitation of Section 5–8–4(c) to pre-Code consecutive sentences "would produce the anomalous result of imposing a lesser aggregate minimum sentence than might have been imposed had the trial court, in the exercise of its discretion, [originally] ordered the sentences to be served concurrently." *People v. Curtis*, 48 Ill.App.3d 375, 388, 6 Ill.Dec. 399, 362 N.E.2d 1319, 1328 (1st Dist. 1977).[6] Under the prior law, consecutive sentences were more severe. The state appellate court's modification reflected an appreciation of that fact. The court, in effect, recognized that to force a radical reduction of the sentences originally imposed by the trial court when a legitimate alternative modification was available "would serve only to frustrate [the court's] effort to impose a punishment commensu-

---

**3.** Under Ill.Rev.Stat.1973, ch. 38, par. 1003–3–3, the parole eligibility date for an offender serving an indeterminate sentence depended in part upon the minimum term of confinement.

**4.** Generally, Section 8–2–4 of the Code provided that "[i]f the offense being prosecuted has not reached ... a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced." Further, in *People v. Nicks, supra,* the Illinois Supreme Court declared unconstitutional Section 5–8–4(h) of the Code. That Section had attempted to limit the applicability of Section 5–8–4(c) only to persons sentenced on or after the effective date of the Act.

**5.** The Code specifically authorized concurrent sentences. Ill.Rev.Stat.1973, ch. 38, par. 1005–8–4(a). Further, it provided that the minimum term of an individual sentence "shall be 4 years

unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term." Ill.Rev.Stat.1973, ch. 38, par. 1005–8–1(c)(2). The state appellate court, referring to the vicious and brutal nature of the crimes committed and the petitioner's past record, explicitly rejected his challenge to the minimum terms of his individual sentences. We are not in a position, in this federal habeas corpus action, to question that judgment.

**6.** In fact, such a rule would mean that recomputed consecutive sentences imposed for *multiple* Class 1 felonies would necessarily have a minimum term of, at most, eight years, while a sentence imposed for a *single* Class 1 felony could have a higher minimum term. See note 5, *supra.*

rate with the egregious conduct of [the] defendant [ ]." *Id.*

The ultimate effect of the state appellate court's action was to reduce the petitioner's minimum term of imprisonment from 60 years, a period inconsistent with the Code, to 20 years, a period authorized by it. There was no constitutional infirmity in that shift.

■■ In addition, contrary to the petitioner's contention, he was not denied the benefit of the parole-eligibility section of the Code. The petitioner was not subjected to an impermissible classification such as that suggested in *People v. Nicks*, 62 Ill.2d at 355, 342 N.E.2d at 363, in which offenders serving consecutive sentences imposed prior to the effective date of the Code would be treated differently from those sentenced after the effective date or those serving non-consecutive sentences. Rather, his parole term was set in accordance with the provisions of the Code on the basis of his concurrent sentences which, as explained above, were proper under that statute. This treatment was consistent with the Illinois Supreme Court's mandate in *People ex rel. Weaver v. Longo*, 57 Ill.2d 67, 309 N.E.2d 581 (1974), that, for parole-eligibility purposes, prior offenders must be treated as if they had been sentenced under the new Code. It did not deny the petitioner equal protection of the laws.

Although the petitioner did not receive the least severe sentence he might have under the Uniform Code of Corrections, he did receive the same treatment as any other offender sentenced to concurrent terms of imprisonment under that statute. Thus the state appellate court's modification of his sentences did not deny the petitioner equal protection of the laws. Further, the petitioner's challenge to the state court's exercise of its authority under the sentencing statute raises no other question cognizable under federal habeas corpus. *United States ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1969), cert. denied, 398 U.S. 952, 90 S.Ct. 1877, 26 L.Ed.2d 294 (1970). Accordingly, the judgment of the district court is affirmed.