(No. 40957.—

THE PEOPLE *ex rel.* Edward Beadle *et al.,* Petitioners, *vs.* THE ILLINOIS PAROLE AND PARDON BOARD, Respondent.

*Opinion filed May 29, 1968.—Rehearing denied Sept. 24, 1968.*

JOHN W. BURGESS, of Chicago, appointed by the court, for petitioners.

WILLIAM G. CLARK, Attorney General, of Springfield, (JOHN J. O'TOOLE and THOMAS E. BRANNIGAN, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The question in this *mandamus* action is whether petitioners are entitled to time credit for good behavior (good time) on the second of two consecutive sentences earned while serving the first sentence. They seek to compel the Illinois Parole and Pardon Board to grant them a parole hearing.

Petitioner Henry Smith, Jr. was convicted of murder and three charges of armed robbery on November 12, 1947. On July 22, 1964, he was discharged from the life-term murder sentence. The sentences on the armed robbery convictions commenced concurrently upon the expiration of the life sentence. Edward Beadle was convicted of two charges of murder on January 19, 1953. Sentence on the second conviction commenced November 13, 1964, the date of discharge from the first sentence.

Section 2 of the Parole and Work-Release statute (Ill. Rev. Stat. 1967, chap. 38, par. 123—2) provides that a prisoner is eligible for parole when he has served (1) one third of a determinate sentence or (2) the minimum of an indeterminate sentence or (3) twenty years, less credit for good time in each case. Petitioners seek an interpretation that section 2 is qualified by section 3 of the Diminution of Sentence Act (Ill. Rev. Stat. 1967, chap. 108, par. 47) which reads: "That whenever any convict is or has been committed under several convictions, with separate sentences, they shall be construed as one continuous sentence under this law, in the granting or forfeiting of good time." They urge that the statute be construed as allowing credit on their subsequent sentences for all good time accruing to each since his incarceration. It is conceded that section 3

has not been interpreted, but petitioners argue that recent decisions and analogous statutes justify their position.

In *People ex rel. Carroll* v. *Frye,* 35 Ill.2d 604, we held that section 119—3 (Ill. Rev. Stat. 1965, chap. 38, par. 119—3) restricting the crediting of time served while awaiting trial (jail time) to a prisoner convicted on and after July 1, 1965, was invalid insofar as it relates to offenses which carry a mandatory minimum sentence. In *People* v. *Carroll,* 76 Ill. App. 2d 9, the defendant was granted probation but ordered to serve the first 6 months at the Illinois State Farm. His probation was later revoked and he was sentenced to the penitentiary. Credit for the entire period of incarceration, that is, including jail time and time spent at the prison farm and time spent in the penitentiary, was granted the defendant. Those cases are not persuasive here. *Frye* merely determined that jail time was allowable retroactively as well as prospectively. In *Carroll* the entire incarceration period was for the same crime on the same indictment.

Nor are we justified in giving the strained effect to the statutory scheme which petitioners seek. Under their theory, a prisoner serving consecutive sentences would often be eligible for parole on both sentences without ever having served any part of the second sentence. Such an interpretation would effectively eliminate consecutive sentencing. We see no legislative intent that the continuous sentence provision in section 3 of the Diminution of Sentence Act should permit good time earned on the first sentence to be applied to following consecutive sentences. The Parole and Pardon Board has properly construed section 3 as requiring good time on a consecutive sentence to be computed at the rate good time was being earned at the time of expiration of the first sentence rather than proceed through the lower steps to the maximum rate of six months for each year served. (Each petitioner's good time credit is now being computed on this basis.) Parole eligibility is otherwise determined

under the provisions of section 2 of the Parole and Work-Release statute.

The minimum time to be served on each petitioner's present sentence is in excess of twenty years, so that by applying the maximum rate of good time they must serve ten years from the date their present sentence began. Accordingly, neither petitioner is eligible for parole and the petition for writ of *mandamus* is denied.

*Writ denied.*