THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN TEAGUE, Defendant-Appellant.

(No. 73-262;

Third District—September 30, 1975.

. James Geis and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Michael T. Neese, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury trial, John Teague, defendant, was found guilty of rape. The circuit court of Will County sentenced defendant for such offense to a term of from 40 to 75 years in the penitentiary to be served consecutively with a prior sentence of 30 to 60 years in the penitentiary also for the offense of rape.

The offense which is the subject of this appeal was committed while the defendant was in custody serving a prior sentence. He was charged with and convicted of the rape of the warden's daughter while he was serving his sentence on the honor farm.

At the time of sentencing in the instant case, July 20, 1973, the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—4 (c)) provided:

"The aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum term authorized under Section 5—8—1 for the most serious felony involved."

This section of the statute has been changed by an amendment effective July 1, 1974 and the problem posed on this appeal will not exist under the amended provisions. Section 5—8—1(c)(4) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(4)) provided a four-year term for a Class 1 felony. Thus, under these enactments, the aggregate minimum period of consecutive sentences for two Class 1 felonies could not exceed eight years. However, section 5—8—4(f) of the Code (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—4(f)) provides:

"(f) A sentence * * * of an offender committed to the Department of Corrections at the time of the commission of the offense shall not commence until expiration of the sentence under which he is held by the Department of Corrections. However, in case such offender shall be sentenced to punishment by death, the sentence shall be executed at such time as the court may fix without regard to the sentence under which such offender may be held by the Department."

Since the defendant had been committed to the Department of Corrections at the time of the second offense this section is mandatory and requires the sentence for the subsequent offense to be served consecutively with the initial sentence.

As applied to the facts of this case it is conceded by both parties that the literal requirements of each of the foregoing statutory provisions can not be complied with. If the limitation period for consecutive sentences of eight years is applied then no consecutive sentence can be imposed and the mandatory provision of subsection (f) can not be applied.

However, we believe the limitation period imposed by section 5—8—4(c) of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp. ch. 38, par. 1005—8—4(c)) is inapplicable where, as in the instant case, a mandatory consecutive sentence is required. The limitations can only be given effect and meaning if the trial court imposing the second sentence has the option of imposing either a consecutive or concurrent sentence. (See *People v. Morgan*, 59 Ill.2d 276, 319 N.E.2d 764.) Unless there is such an option the trial court imposing the second sentence would be powerless to impose any sentence where the minimum sentence of an initial offense was more than twice the minimum for the most serious offense. This problem was solved in *Morgan* by requiring that the sentences be served concurrently, a resolution which was possible because consecutive sentences were not mandatory.

Furthermore, as a matter of statutory construction, we believe the section requiring consecutive sentences where the offender is in custody being a more particular statute should be given precedence over a more general statute in apparent conflict therewith. As a special case, *i.e.*, an offender already in prison, we believe the legislature intended that such section not be limited by the more general statutory provision relating to multiple offenses generally.

For the foregoing reasons we find no error in the judgment of the circuit court of Will County and said judgment is affirmed.

Judgment affirmed.

ALLOY and BARRY, JJ., concur.