THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL GOFFMAN, Defendant-Appellant.

(No. 74-1; ▮▮▮▮▮▮▮)

Third District—November 10, 1975.

James Geis and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Kenneth A. Grnacek, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

After a jury trial in the Circuit Court of Will County, the defendant, Paul Goffman, was convicted of murder. On November 14, 1973, he was sentenced to serve a term of not less than 75 nor more than 150 years in the Illinois Department of Corrections. The sentence imposed was consecutive to a term of imprisonment the defendant was then serving. The defendant was convicted of stabbing to death a correctional officer at

Stateville Penitentiary while he was an inmate there serving a sentence for a prior conviction.

On appeal the defendant claims the court erred in imposing a consecutive sentence which he considers excessive because he was entitled to be sentenced under the law in force at the time he committed the offense on January 11, 1973. At the time of sentencing, November 14, 1973, the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, § 1005—8—4(c)) provided: "The aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum term authorized under Section 5—8—1 for the most serious felony involved." This section of the statute has since been amended to read, in pertinent part: "The aggregate minimum period of consecutive sentences shall not exceed the highest minimum term authorized under Section 5—8—1 for the 2 most serious felonies involved." This amendment became effective July 1, 1974. The defendant argues that since section 5—8—4(c) was in effect both at the time of the commission of the offense and at the time of sentencing, the trial court could not impose consecutive sentences which would exceed 28 years which is twice the lowest minimum for murder, the most serious felony involved here.

However, section 5—8—4(f) of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, § 1005—8—4(f)) provides:

"(f) A sentence * * * of an offender committed to the Department of Corrections at the time of the commission of the offense shall not commence until expiration of the sentence under which he is held by the Department of Corrections."

Although section 5—8—4(c) makes the rules for maximum and minimum terms that must be followed by the court if it imposes a consecutive sentence, section 5—8—4(f) *requires* that the new sentence be consecutive to the term being served at the time of the commission of the offense. (*People v. Hudson*, 11 Ill.App.3d 147, 296 N.E.2d 40 (1973).) *People v. Teague*, 32 Ill.App.3d 76, 77-78, 325 N.E.2d 594 (1975), recites:

"Since the defendant had been committed to the Department of Corrections at the time of the second offense this section is *mandatory* and *requires* the sentence for the subsequent offense to be served consecutively with the initial sentence.

* * *

Furthermore, as a matter of statutory construction, we believe the section requiring consecutive sentences where the offender is in custody being a more particular statute should be given precedence over a more general statute in apparent conflict therewith. As a special case, *i.e.* an offender already in prison, we believe the legislature intended that such section not be limited by

the more general statutory provision relating to multiple offenses generally." (Emphasis added.)

Obviously, the reasoning expressed in our recent opinion in *Teague* is equally applicable to the case at bar.

For the foregoing reasons we find that the Circuit Court of Will County committed no error in sentencing defendant and the judgment below is therefore affirmed.

Affirmed.

ALLOY and STENGEL, JJ., concur.