The People of the State of Illinois, Plaintiff-Appellee, *v.* Zelma L. King, Defendant-Appellant.

(No. 60805; ▮▮▮▮▮▮)

First District (4th Division)—November 12, 1975.

Paul Bradley and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Donald M. Devlin, and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Zelma King, was found guilty of murdering three individuals and originally was sentenced to death. On appeal to the Supreme Court (54 Ill.2d 291, 303, 296 N.E.2d 731, 738), the judgment of conviction was affirmed, but the death sentence was overturned and the case was remanded to the circuit court for imposition of a sentence in accordance with the Unified Code of Corrections. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—1—1 *et seq.*) The defendant was then resentenced on December 11, 1973, to 100 to 300 years in the penitentiary for each murder conviction, with two terms to run concurrently and the third term to be consecutive to the others.

On appeal, the defendant contends that his commutation was excessive in light of section 5—8—4(c) of the Unified Code of Corrections which provides:

"(c) The aggregate maximum of consecutive sentence shall not exceed twice the maximum term authorized under Section 5—8—1 for the most serious felony involved. The aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum term authorized under Section 5—8—1 for the most serious felony involved  *  *  *." (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—4(c).)

Since the lowest minimum term authorized for murder is 14 years absent a higher minimum term established by the court (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(1)), the defendant posits that his consecutive sentence must be modified to a single sentence in which the minimum does not exceed 28 years and the maximum 60 years. Moreover, he suggests that the aggregate sentence imposed be modified to reflect the same numerical minimum and maximum sentences as his consecutive sentence.

Although the parties are in accord concerning the applicability of the Unified Code of Corrections to the case at bar, controversy stems over which legislative enactment governs the outcome of this legal entanglement. While the Code, effective January 1, 1973, initially limited the aggregate minimum sentence so that it could not exceed twice the *lowest*

minimum term authorized for the most serious felony involved (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—4(c)), this section has subsequently been amended to permit an aggregate minimum sentence not to exceed the *highest* minimum term authorized under the Code for the two most serious felonies involved. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(c).) The defendant argues that the former version of this statute was in effect at the time of his sentencing and therefore it was improper for him to receive the 200-year aggregate minimum term for the consecutive sentence. However, even though the trial court thought otherwise, we agree with the assertion proffered by the State that the effective date for the respective enactments is unimportant in light of a recent Illinois Supreme Court decision. In *People v. Williams,* 60 Ill.2d 1, 322 N.E.2d 819, the court held that a defendant is entitled to be sentenced under the most favorable intervening statute during the pendency of the adjudication of his case. Referring to a consecutive sentence, the court stated:

> "Since section 5—8—1 then provided a minimum term of 14 years for murder 'unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term,' the aggregate minimum period of consecutive sentences could not exceed 28 years. Section 5—8—4(c) has since been modified so that the sentences imposed here would not be within the permissible range. We have held, however, that *the legislative intent was to apply the sentencing provisions of the Unified Code to those cases pending on appeal, [citations] and that where, as here, sentencing provisions in effect at the time sentence was imposed and at the time the appeal is decided are less favorable to a defendant than provisions enacted after sentence was imposed, and then repealed before the appeal was decided, the defendant is entitled to the benefit of the more favorable intervening statute.* It is apparent, therefore, that the 75-year minimum sentence cannot stand if the murder sentence remains consecutive to the armed robbery charge." (*People v. Williams,* 60 Ill.2d 1, 16-17, 322 N.E.2d 819, 827-28.) (Emphasis added.)

Therefore, as conceded by the State in light of the decision in *Williams,* the defendant is entitled to be sentenced under the Unified Code of Corrections before it was amended. Accordingly, we remand this cause to the circuit court for resentencing not inconsistent with the above-mentioned legal directive.

Remanded for resentencing.

DIERINGER, P. J., and ADESKO, J., concur.