(Nos. 48070, 48086 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. PAUL GOFFMAN, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOHN TEAGUE, Appellant.

*Opinion filed November 15, 1976.*

Robert Agostinelli and James Geis, Deputy Defenders, and Verlin R. Meinz, Assistant Defender, Office of the State Appellate Defender, of Ottawa, for appellants.

William J. Scott, Attorney General, of Springfield (James B. Zagel, Jayne A. Carr, and Roger Longtin, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant Paul Goffman was convicted of murder in a jury trial in the circuit court of Will County. Goffman killed a correctional officer at Stateville Penitentiary, where he was serving a term of four years to four years and a day for robbery. On November 14, 1973, Goffman was sentenced for the second offense to a term of 75 to 150 years in the penitentiary to be served consecutively to the prior sentence. The Appellate Court for the Third District affirmed (33 Ill. App. 3d 256), and we allowed leave to appeal.

Defendant John Teague was convicted of rape in a jury trial in the circuit court of Will County. His victim was the daughter of the warden of the minimum security unit at Stateville Penitentiary, where Teague was serving a 30 to 60 year term for another rape. On July 20, 1973, Teague was sentenced for the second offense to a term of 40 to 75 years in the penitentiary, to be served consecutively to the prior sentence. The Appellate Court for the Third District affirmed (32 Ill. App. 3d 76), and we allowed leave to appeal. The two cases have been consolidated for argument and opinion.

The only issue before this court concerns the propriety of the minimum terms of defendants' sentences. At the time defendants were sentenced, paragraph (f) of section 5—8—4 of the Unified Code of Corrections provided:

"A sentence of an offender committed to the Department of Corrections at the time of the commission of the offense shall not commence until expiration of the sentence under which he is held by the Department of Corrections." (Laws of 1972, at 2258.)

The parties agree this paragraph provides for a mandatory consecutive sentence for offenses committed while an offender is in the custody of the Department of Corrections. Defendants argue, however, that a sentence imposed under paragraph (f) is subject to the limitations of paragraph (c) of the same section, which provided at the time defendants were sentenced:

"The aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum term authorized under Section 5—8—1 for the most serious felony involved." Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—4(c).

Goffman contends that because of paragraph (c) the minimum term of his sentence for murder cannot exceed 24 years. The lowest minimum term authorized for the offense of murder, the most serious felony involved, is 14 years. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(1).) Twice that figure is 28 years, which under paragraph (c) would represent the greatest aggregate minimum period authorized for Goffman's consecutive sentences. Thus, because Goffman was already serving a sentence with a four-year minimum term, he argues that his minimum term for murder be reduced from 75 to 24 years.

Teague concedes that compliance with paragraph (c) is impossible in his case. Both of his convictions were for rape, for which the lowest authorized minimum term is four years. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(2).) Under paragraph (c), therefore, the greatest aggregate minimum period authorized for Teague's consecutive sentences would be eight years. But Teague's minimum term of 30 years for the first rape is already greatly in excess of eight years and cannot now be reduced. Accordingly, no sentence the trial judge might

have imposed for the second rape would have satisfied the paragraph (c) limitation upon consecutive sentences if that paragraph is applicable to these cases. Teague argues, however, that in order to comply with paragraph (c) to the fullest extent possible, we should reduce the minimum term of his second rape sentence from 40 to four years, the lowest authorized minimum.

We do not agree with defendants' contention that paragraph (c) limits consecutive sentences imposed under paragraph (f). A trial judge ordinarily has discretion, within the limitations established by paragraph (a) of section 5—8—4, to impose concurrent or consecutive sentences:

> "When multiple sentences of imprisonment are imposed on a defendant at the same time, or when a term of imprisonment is imposed on a defendant who is already subject to an undischarged sentence in this State or for a sentence imposed by any district court of the United States, the sentences shall run concurrently or consecutively as determined by the court." (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—4(a).)

If, in the exercise of that discretion, a judge decides to impose consecutive sentences, he is clearly limited in so doing by paragraph (c). A judge may, however, conclude that the paragraph (c) limitation on the aggregate minimum period is too restrictive in a particular case, and may therefore impose concurrent sentences with higher minimum terms than paragraph (c) would permit. See *People v. Nicks* (1976), 62 Ill. 2d 350; *People v. Morgan* (1974), 59 Ill. 2d 276.

Under paragraph (f), however, a judge has no discretion to impose a concurrent sentence. Without this option, his ability to tailor a sentence to the circumstances of the offense would be severely restricted if he were limited by paragraph (c). This result appears contrary to the legislative purpose in paragraph (f) mandating harsher penalties for offenses committed while incarcerated. And in some instances, as in the case of Teague, compliance with the

paragraph (c) limitation is impossible. This incompatibility is persuasive evidence, in our judgment, that the General Assembly intended that paragraph (f) not be limited by paragraph (c).

We also find significant the language difference between a "consecutive" sentence referred to in paragraphs (a), (b), and (c) and a sentence that "shall not commence until expiration of the sentence under which he is held by the Department of Corrections" referred to in paragraph (f). Defendants argue, in effect, that this difference is unintentional and that the language in paragraph (f) may be readily explained because it was carried over from a predecessor statute. (Ill. Rev. Stat. 1971, ch. 108, par. 118 (repealed).) Defendants overlook, however, that paragraph (a) also had a predecessor that employed language similar to paragraph (f):

> "When a person shall have been convicted of 2 or more offenses which did not result from the same conduct, either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses."
> (Ill. Rev. Stat. 1971, ch. 38, par. 1—7(m) (repealed).)

We may reasonably conclude that, by changing prior language in paragraph (a) and retaining prior language in paragraph (f), the General Assembly intended to create a distinction between discretionary and mandatory consecutive sentences. The reason for this distinction becomes apparent, in our judgment, in the operation of paragraph (c) which, like paragraph (a), speaks of "consecutive" sentences. By thus restricting the effect of paragraph (c) to "consecutive" sentences, the General Assembly has avoided the precise problem that would arise in Teague's case if paragraph (f) were limited by paragraph (c).

Defendants have cited several cases in which this court gave effect to the limitation on minimum or maximum terms of consecutive sentences required by paragraph (c).

(*People v. Nicks* (1976), 62 Ill. 2d 350; *People v. Williams* (1975), 60 Ill. 2d 1; *People v. Morgan* (1974), 59 Ill. 2d 276.) Those cases are inapposite here, however, for none involved offenses committed by imprisoned defendants and none considered paragraph (f) in relation to paragraph (c).

Defendants also argue that paragraph (e) of section 5—8—4 demonstrates a legislative intent that sentences imposed under paragraph (f) be limited by paragraph (c). Paragraph (e) provides, in relevant part:

> "In determining the manner in which consecutive sentences of imprisonment, one or more of which is for a felony, will be served, the Department of Corrections shall treat the offender as though he had been committed for a single term with the following incidents:
>
> * * *
>
> (3) the minimum period of imprisonment shall be one year or the aggregate of the minimum period of imprisonment imposed by the court, whichever is greater, subject to paragraph (c) of this Section; ***." (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—4(e).)

This paragraph, of course, is directed to the Department of Corrections, not the judiciary, and indicates the manner in which consecutive sentences shall be served for the purpose of determining an offender's eligibility for parole. Defendants allege that the policy of the Department is to treat offenders sentenced under paragraph (f) in the manner described in paragraph (e). And because in paragraph (e) the Department is directed to determine the aggregate minimum period of imprisonment in accordance with paragraph (c), defendants argue that by implication paragraph (c) must also limit the trial judge in imposing a minimum term under paragraph (f).

The State contends that paragraph (e), because it refers to "consecutive" sentences, applies only to sentences imposed under paragraph (a). The Department would not, the State argues, apply paragraph (e) to

sentences imposed under paragraph (f). Whatever policy the Department may have adopted prior to our consideration of the proper relationship between paragraphs (e) and (f), of course, is not controlling. Adoption of defendants' position on this issue would lead to the anomalous result of rewarding Teague for committing the second rape by making him eligible for parole many years earlier. If the sentence under paragraph (f) for the second rape is subject to paragraph (e), as defendants suggest, the Department would have to treat Teague as though he had been sentenced to an aggregate minimum period of eight years. Teague would therefore become eligible for parole in eight years less time credit for good behavior rather than the 20-year period otherwise applicable under the same statute. (Ill. Rev. Stat. 1975, ch. 38, par. 1003–3–3(a)(1).) The General Assembly could not have intended that result.

In our judgment, the language of paragraph (f) means precisely what it says: the second sentence "shall not commence until expiration of the sentence under which he is held by the Department." Paragraph (f) describes both the type of sentence to be imposed and the manner in which it is to be served. Defendants argue that this construction denies them the opportunity to be paroled from their first sentence, a result the General Assembly could not have intended. In support of this argument defendants explain that before the adoption of paragraph (e), when all consecutive sentences were served in sequence rather than as a single longer term, the Department practiced the fiction of "institutional parole," whereby an offender was paroled from his first sentence to his second without leaving the penitentiary. This practice, defendants argue, was abolished by paragraph (e), leaving defendants no alternative but to serve the entirety of their first sentences before beginning their second. (Ill. Ann. Stat., ch. 38, par. 1005–8–4(e), Council Commentary, at 486 (Smith-Hurd 1973).) The short answer to this objection is that paragraph (e), as earlier indicated, does not apply to

sentences imposed under paragraph (f), and we find nothing to indicate that "institutional parole" is not available to these defendants if warranted.

Finally, we should note that the problems posed on this appeal apply only to a limited category of inmates, and will not exist under amended section 5—8—4, which became effective July 1, 1974. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4.) The language of paragraph (f) now refers to "consecutive" sentences, like paragraph (a), and is thus subject to the requirements of paragraphs (c) and (e). But paragraph (c) was also changed, and now limits the aggregate minimum period of consecutive sentences to the highest minimum term authorized for the two most serious felonies involved, rather than twice the lowest minimum term authorized for the single most serious felony involved. The manner in which these paragraphs were amended is further evidence, in our judgment, that paragraph (f) as initially adopted described a type of consecutive sentence different from paragraph (a) and not subject to paragraphs (c) or (e).

The judgments of the Third District Appellate Court are accordingly affirmed.

*Judgments affirmed.*