ERNEST CORNES, Plaintiff-Appellant, *v.* JOHN B. GROVES, Chief Records Officer, Illinois Department of Corrections, Defendant-Appellee.

Fifth District No. 83—66

Opinion filed March 27, 1984.

Ernest Cornes, of Menard, for appellant, *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Patricia Rosen, Assistant Attorney General, of counsel), for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

This is a *mandamus* action brought by petitioner, Ernest Cornes, seeking to compel the defendant, John B. Groves, the Chief Records Officer of the Illinois Department of Corrections, to credit petitioner with time for good behavior (hereinafter good time) while serving the first of two sentences which were to run consecutively.

On January 26, 1954, petitioner pleaded guilty to a charge of armed robbery and was sentenced to an indeterminate term of imprisonment of 10 years to life. Petitioner was eligible for parole in 1973 and on June 7, 1974, he was paroled. On October 11, 1977, while still on parole for the armed robbery conviction, petitioner was charged with the offenses of rape, deviate sexual assault, and intimidation. On June 6, 1978, petitioner was convicted of all three offenses and was sentenced to imprisonment for 60 years for rape, 60 years for deviate sexual assault, and 10 years for intimidation. These determinate sentences were to be served concurrently but were ordered to be served consecutively to the armed robbery sentence of 10 years to life imprisonment. Pursuant to section 5—8—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4), petitioner's indeterminate 10 years to life sentence for the armed robbery was aggregated with the determinate 60 years sentence subsequently imposed to form an indeterminate sentence of 70 years to life.

On September 27, 1982, petitioner filed a complaint for writ of *mandamus* which requested that the defendant be compelled to award him credit for all time served in custody since his original custody date on his armed robbery conviction, which was December 17, 1953. Petitioner, relying on section 5—8—4(e)(4) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(e)(4)), alleged that he was improperly denied good time credits for the period of time between his original custody date on his armed robbery conviction and his parole date on this conviction, which was June 7, 1974. Petitioner urges that good time earned during this time period should be credited toward his release date on his subsequent sentence.

Petitioner's complaint for writ of *mandamus* was eventually dismissed and this appeal was perfected.

On appeal, petitioner contends that the plain language of section

5—8—4(e)(4) of the Unified Code of Corrections entitles him to receive the good time credit he seeks. The State maintains that a *mandamus* proceeding will not lie in the instant case and, alternatively, that petitioner's literal interpretation of section 5—8—4(e)(4) is contrary to the intent of the legislature and should not be followed.

■■ Initially, before we address the merits of the parties' contentions concerning the statute involved in this case, we reject the State's contention that *mandamus* is not a proper remedy. If a prisoner alleges that the Department of Corrections has denied him good time to which he or she is entitled, then a *mandamus* action is proper. See *People ex rel. Beadle v. Illinois Parole & Pardon Board* (1968), 40 Ill. 2d 290, 239 N.E.2d 782, *cert. denied* (1969), 393 U.S. 1070, 21 L. Ed. 2d 715, 89 S. Ct. 730.

We now consider defendant's contention that he was improperly denied good time. The relevant statute provides as follows:

"(e) In determining the manner in which consecutive sentences of imprisonment, one or more of which is for a felony, will be served, the Department of Corrections shall treat the offender as though he had been committed for a single term with the following incidents:

\* \* \*

(4) the offender shall be awarded credit against the aggregate maximum term and the aggregate minimum term of imprisonment for all time served in an institution since the commission of the offense or offenses and as a consequence thereof at the rate specified in Section 3—6—3 of this Code." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(e)(4).)

Subparagraph (e) of section 5—8—4 of the Unified Code of Corrections is directed to the Department of Corrections and sets forth the manner in which consecutive sentences shall be served for the purpose of determining parole eligibility. (*People v. Goffman* (1976), 65 Ill. 2d 296, 302, 357 N.E.2d 483, 486; *People v. Nicks* (1976), 62 Ill. 2d 350, 354, 342 N.E.2d 360, 362-63.) The entire Council Commentary regarding subparagraph (e) states:

"Under subparagraph (e), the Department of Corrections must consider the consecutive sentences as one sentence with an aggregate maximum and minimum for purposes of parole and good time. The application of subparagraph (e) is made to all persons presently serving consecutive sentences. Under this section the Department can simplify its administration of sentences for purposes of parole eligibility and parole. This should also aid the offender to concentrate his rehabilitative efforts on

a single longer sentence instead of having to view each sentence as a separate hurdle to clear before going on to the next. This abolishes the fiction of 'institutional parole' under which a person served 6 months' parole in the penitentiary between consecutive indeterminate sentences." Ill. Ann. Stat., ch. 38, par. 1005—8—4, Council Commentary, at 164 (Smith-Hurd 1982).

■ The State argues that the statutory language "since the commission of the offense or offenses and as a consequence thereof" should be construed to mean that good time begins to be counted from the date of imprisonment on the consecutive sentences and not before. In other words, good time can be awarded under section 5—8—4(e)(4) only after the imposition of a consecutive sentence. We think this interpretation of the statute is correct.

We would also note that the State's reliance on section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—7(b)) is misplaced. Section 5—8—7 establishes "rules for calculating the length of the term of imprisonment." (Ill. Ann. Stat., ch. 38, par. 1005—8—7, Council Commentary, at 224 (Smith-Hurd 1982).) It does not pertain to the calculation of good time when a consecutive sentence has been imposed.

The State further urges that to accept defendant's interpretation of section 5—8—4(e)(4) of the Unified Code of Corrections would defeat the legislative purpose and render this statutory provision absurd since it would place defendant in a more favorable position than if he had been given concurrent sentences. We agree. Both logic and the statutory language of section 5—8—4 taken as a whole indicate that consecutive sentences are deemed to be more serious punishment than concurrent sentences. Moreover, to credit defendant with time served on his prior conviction would, in effect, allow him double good time and would allow the credit previously received for time served on his first sentence to be credited towards any new offenses which may be committed. A statute should be construed so as to avoid absurd results. (*People v. Dunlap* (1982), 110 Ill. App. 3d 738, 743, 442 N.E.2d 1379, 1383.) Since defendant's literal interpretation of section 5—8—4(e)(4) would have the potential effect of making a concurrent sentence more serious than a consecutive sentence and would, in addition, provide defendant with a windfall of good time, we are not justified in adopting defendant's interpretation of the statute. See *People ex rel. Beadle v. Illinois Parole & Pardon Board* (1968), 40 Ill. 2d 290, 239 N.E.2d 782, *cert. denied* (1969), 393 U.S. 1070, 21 L. Ed. 2d 715, 89 S. Ct. 730.

For the reasons set forth, the judgment of the circuit court of Randolph County is affirmed.

Affirmed.

WELCH, P.J., and KARNS, J., concur.