THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
FELIX DAVENPORT *et al.*, Defendants-Appellants.

First District (1st Division)   Nos. 87—1063, 87—1064 cons.

Opinion filed November 7, 1988.

Randolph N. Stone, Public Defender, of Chicago (Alison Norwood, Assistant Public Defender, of counsel), for appellants.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Judy L. Groeneveld, and Douglas J. Bank, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

This is a consolidated appeal of convictions for possession of a stolen motor vehicle.

On November 29, 1986, Darryl Lane parked his gray 1982 Ford Escort, with the personalized license "Atom Ant," across the street from the building where he was employed. When he left work later that evening, his car was gone. On December 2, 1986, the Chicago police notified Lane that his car had been found. Lane testified at trial that the front left and rear right fenders had been damaged, customized stereo equipment was gone and the car's spare tire, lug wrench and lock were missing.

Police officer Michael McMeel testified that on December 2, 1986, at 11:15 p.m., he and his partner were on patrol at 1860 South Hamlin when they saw defendants Bob Brown and Felix Davenport taking the lug nuts off of a vehicle in a vacant lot. As McMeel and his partner got out of their car, defendants dropped a four-way lug wrench to the ground and walked toward the officers. Lane later identified the lug

wrench as the wrench that had been in his car. The officers ran a license number check on the car. After learning that it had been stolen, they placed defendants under arrest.

Defendant Brown testified that he and codefendant Felix Davenport were in the vicinity because they had just parked a car at the entrance to a nearby alley. He testified that they were crossing the street to go to a friend's house when the police arrested and handcuffed them in the middle of the street. Brown denied being in or near the Ford Escort and denied that he and Davenport were removing lug nuts from a tire.

Both defendants were found guilty of possession of a stolen motor vehicle. Defendant Davenport was sentenced to 24 months' probation, and defendant Brown was sentenced to six years in the Illinois Department of Corrections.

Defendants both contend on appeal that the wholly circumstantial evidence failed to prove beyond a reasonable doubt that they were in possession of a stolen motor vehicle. They contend that Officer McMeel testified inaccurately in that he stated that the car was recovered on November 29, when in fact it was recovered on December 2. Defendants also suggest that Officer McMeel's testimony was impeached by omission, citing *People v. Gonzalez* (1983), 120 Ill. App. 3d 1029, 1038, 458 N.E.2d 1047, *aff'd* (1984), 104 Ill. 2d 332, in that although McMeel testified that the steering column of the car had been "peeled," *i.e.*, tampered with so that the car could be started without a key, the arrest report did not so state and the complainant made no mention of that fact in testifying regarding the damage done to the vehicle.

The statute under which defendants were convicted provides in relevant part as follows:

"Sec. 4—103. Offenses relating to motor vehicles and other vehicles-felonies. (a) It is a violation of this Chapter for:

(1) A person not entitled to the possession of a vehicle or part of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have been stolen or converted; additionally the General Assembly finds that the acquisition and disposition of vehicles and their essential parts are strictly controlled by law and that such acquisition and disposition are reflected by documents of title, uniform invoices, and bills of sale. It may be inferred, therefore that a person exercising exclusive unexplained possession over a stolen or converted vehicle or an essential part of a stolen or converted vehicle has knowledge that such vehicle or essential part is stolen or converted, regardless of whether the date on which such vehicle or essential part was

stolen is recent or remote." Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)(1).

The complainant here testified that his vehicle had been removed from the place where he parked it and that he had given no one permission to use it. These facts support the inference that his car had been stolen. The officer who testified stated that he witnessed the defendants in the process of removing lug nuts from the vehicle, that they were using the same four-way lug wrench that complainant identified as one he had kept locked in his trunk, and that a distinctive wheel lock, also identified by complainant, was found on defendant Davenport's person.

■ The statute provides that if a person is not entitled to the possession of a vehicle or its parts, it may be inferred that the person exercising "exclusive unexplained possession" over the vehicle or its parts knows that the vehicle was stolen. The evidence here was clear that defendants were not entitled to possession of Lane's vehicle. Their conduct in attempting to remove the tires from the vehicle with tools that had been taken from the vehicle clearly constitutes possession under the statute. (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)(1).) Thus there is no merit to defendants' contentions that the evidence was wholly circumstantial and that they were not proved guilty beyond a reasonable doubt.

■ With respect to defendants' contention that the testimony of Officer McMeel and the complainant should not have been credited because there were certain inaccuracies and omissions, the law is clear that the credibility of a witness is a question for the trier of fact and a determination as to credibility is entitled to great weight. *People v. Bullock* (1976), 40 Ill. App. 3d 672, 674, 353 N.E.2d 35.

■ That the complainant failed to remember certain details regarding damage to his vehicle does not negate the fact that defendants were found in actual possession of complainant's stolen vehicle. Similarly, Officer McMeel's errors as to the date of the arrest and the position of the defendants when he observed them removing the lug nuts are minor ones and in no way constitute impeachment of his entire testimony. When a case is tried without a jury, as here, it is the duty of the trial judge to determine the credibility of the witnesses and the weight to be given their testimony. (*People v. Cates* (1982), 111 Ill. App. 3d 681, 688, 444 N.E.2d 543, *appeal denied* (1983), 93 Ill. 2d 544.) Where the evidence is merely conflicting, a reviewing court will not substitute its judgment for that of the trier of fact, who heard the evidence. *People v. Woods* (1980), 81 Ill. 2d 537, 542, 410 N.E.2d 866.

Defendant Brown raises two objections with respect to his sen-

tence. The first is that the trial court erred in failing to advise him of his right to elect treatment under section 22 of the Alcoholism and Substance Abuse Act (the Act) (Ill. Rev. Stat. 1985, ch. 111½, par. 6322).

In relevant part, the Act provides:

> "If a court has reason to believe that an individual charged with a crime is an addict or the individual states that he is an addict and the court finds that he is eligible to make the election provided for in Section 21, the court shall advise him that with the consent of the State's Attorney the prosecution of the charge may be continued or that the entry of any judgment of conviction upon a plea or finding of guilty by the court shall be deferred if he elects to submit to treatment and is accepted for treatment by a licensed program designated by the Department [of Public Health and Safety]." Ill. Rev. Stat. 1985, ch. 111½, par. 6322.

An addict is defined by the Act as follows:

> " 'Addict' means any person who habitually uses any drug, chemical, substance or dangerous drug other than alcohol so as to endanger the public morals, health, safety or welfare or who is so far addicted to the use of a dangerous drug or controlled substance other than alcohol as to have lost the power of self control with reference to his addiction." (Ill. Rev. Stat. 1985, ch. 111½, par. 6304.1.)

A defendant's uncorroborated statement that he is a regular user of drugs is insufficient to establish that he is an addict for the purpose of entitlement to advisement of the possibility of probation if he elects treatment under the Act. *People v. Barry* (1987), 152 Ill. App. 3d 915, 918, 504 N.E.2d 1381, *appeal denied* (1987), 115 Ill. 2d 543.

Because defendant Brown neither stated that he was an addict nor filed a petition for treatment under the Act, the only issue is whether the court had "reason to believe" that he was an addict entitled to advisement under section 22.

The only information brought to the attention of the court with respect to defendant Brown's drug use was his statement in the presentence investigation report that he began using narcotics in 1961, that he last used narcotics five months ago and that he had primarily used heroin. The report also indicated that he had never sought help in dealing with his drug problem but that he now felt he could benefit from a drug abuse program. No corroborating evidence from psychiatrists or other medical experts was introduced to indicate that defendant was an addict. In the absence of either an express admission by

defendant that he is addicted to drugs or some corroborating evidence by doctors, parole officers or family members to indicate that defendant had a serious problem, we find that the trial court had no reason to believe defendant Brown to be an addict and therefore had no duty to advise him of disposition alternatives to sentencing under the Alcoholism and Substance Abuse Act.

Defendant Brown's second contention with regard to sentencing is that the six-year sentence imposed upon him was disproportionate to the offense involved and grossly disparate to the 24-month probation imposed on codefendant Davenport. We disagree.

■■ ■ Defendant Brown was convicted of being in unlawful possession of a stolen motor vehicle, a Class 2 felony (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)(1)), which can carry a sentence of between three and seven years (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(5)). He received a six-year sentence, which was within the statutory limits. A reviewing court will not disturb a sentence within statutory bounds absent some showing that the trial court abused its discretion. *People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882.

At the time of sentencing, defendant Brown had 17 prior convictions, primarily for burglary and theft, and two bond-forfeiture warrants. In addition, he had been convicted of another Class 2 felony within 10 years of the current conviction and was therefore eligible for an extended-term sentence of up to 14 years' imprisonment. In light of defendant Brown's prior criminal record and the fact that he could have received a 14-year sentence, we find no abuse of discretion in the imposition of a six-year sentence.

We also find that defendant Brown's sentence was not disparate to that of his codefendant, as Davenport had no prior convictions and was gainfully employed at the time of his arrest. Davenport has not appealed his sentence.

The judgment of the circuit court of Cook County is affirmed as to the convictions of both defendants Brown and Davenport and as to the sentence of defendant Brown.

As part of our judgment, we grant the State's request that defendants be assessed $75 as costs for this appeal.

Judgment affirmed.

CAMPBELL, P.J., and BUCKLEY, J., concur.